IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER T. THOMAS,** | : | CIVIL ACTION NO. 1:20-CV-2454 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **THOMAS S. MCGINLEY,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

This is a prisoner civil rights case under 42 U.S.C. § 1983 in which *pro se* plaintiff Christopher T. Thomas alleges that defendants violated his civil rights when they confiscated his personal property. Defendants have moved to dismiss the complaint. We will grant the motion.

### I. Factual Background & Procedural History

Thomas is incarcerated in the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"). He initiated this case through the filing of a complaint on November 19, 2020 in the United States District Court for the Eastern District of Pennsylvania. The case was transferred to this district on December 30, 2020.

According to the allegations in the complaint, Thomas got into a verbal disagreement with another inmate on April 18, 2020 that was overheard by Correctional Officer Capparelli, who is not named as a defendant. (Doc. 1 at 2-3). An unknown sergeant then directed Thomas to the staff office, at which time prison

staff confiscated several items of Thomas's personal property, which were never returned to Thomas. (Id.)

The complaint names as defendants the Pennsylvania Department of Corrections ("DOC"); John Wetzel, the secretary of the DOC; Thomas C. McGinley, the superintendent of SCI-Coal Township; Keith Tripp, a major at SCI-Coal Township; Burns, a captain at SCI-Coal Township; S. Drucis, a lieutenant at SCI-Coal Township; and Karen Merritt-Scully, SCI-Coal Township's correctional health care administrator. (Id.) The complaint states that CO Capparelli and Sergeant Fowler—neither of whom is named as a defendant—were the only people involved in the facts giving rise to the complaint. (Id.)

Defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted on February 26, 2021. Thomas opposed the motion on June 15, 2021. No reply brief has been filed in support of the motion, and the deadline for doing so has expired under the Local Rules.

## II.   Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants.  Sause v. Bauer, 585 U.S. __, 138 S. Ct. 2561, 2563 (2018).  *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III.     Discussion**

Thomas brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Defendants' motion to dismiss argues that dismissal is appropriate because the complaint does not allege that any of the defendants were personally involved in the alleged violation of Thomas's civil rights. (Doc. 15). Thomas argues that he has pleaded personal involvement because he has alleged "official professional involvement" due to the fact that all of the defendants are employed by the Commonwealth of Pennsylvania and its subordinate business entities. (Doc. 20 at 3-4). Thomas then provides a "summary of argument" in which he concedes that non-defendants Capparelli and Fowler were the only individuals who were personally involved in the confiscation of his property. (Id. at 5). Thomas notes that he grieved the confiscation of his property and appealed the denial of the grievance through all stages of review, including an appeal to defendant McGinley. (Id.) Thomas does not provide any argument with respect to the personal involvement of the other named defendants.

The court agrees with defendants that dismissal is appropriate for failure to allege personal involvement. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and acquiescence. Id.

Thomas makes no allegations as to how the named defendants were personally involved in the alleged violation of his rights. Instead, he appears to argue that the defendants can be held liable based solely on their professional roles in the DOC's chain of command. This is incorrect. A defendant's personal involvement in an alleged civil rights violation must be based on more than a theory of *respondeat superior*. Rode, 845 F.2d at 1207.

Thomas's allegation that McGinley denied the appeal of his grievance is likewise insufficient to allege personal involvement. A defendant's review and denial of a prisoner's grievance does not constitute personal involvement in an underlying violation of the prisoner's constitutional rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). We will therefore grant defendants' motion to dismiss because Thomas fails to allege that the defendants were personally involved in the alleged violation of his civil rights.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment

unless the amendment would be inequitable or futile.  Phillips, 515 F.3d 224, 245 (3d Cir. 2008).  Amendment is futile if the amended complaint "could not 'withstand a renewed motion to dismiss.'"  City of Cambridge Retirement Sys. v. Altisource Asset Mgmt. Corp., 908 F.3d 872, 878 (3d Cir. 2018) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988)).

We will deny leave to amend because amendment would be futile.  Thomas has repeatedly stated that non-defendants Capparelli and Fowler were the only individuals involved in the alleged violation of his rights and that defendants' involvement is limited to their "official professional involvement."  Such an allegation is insufficient to allege personal involvement, see Rode, 845 F.2d at 1207, and an amended complaint therefore could not withstand a renewed motion to dismiss.

### IV.   Conclusion

We will grant defendants' motion (Doc. 14) to dismiss.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   September 30, 2021